**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 03-19676 |
| | : | |
| WADE T. VERGES | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
SUPPORTING ISSUANCE OF CONFIRMATION ORDER
AND APPROVAL OF DONNA COMPROMISE**

On the 5th day of December, 2006, there came on for hearing the continuation of the hearing (the "Confirmation Hearing") that commenced on November 16, 2006, with respect to the confirmation of the Trustee's Third Amended Chapter 11 Plan filed on October 20, 2006 (the "Third Amended Plan"). The Third Amended Plan has been immaterially modified as follows:

a. At the commencement of the Confirmation Hearing on November 16, 2006, the Trustee submitted to the Court in open court the "Trustee's Third Amended Chapter 11 Plan as Modified by Immaterial Modifications as of November 16, 2006," the redline version of which was filed with the Court as an attachment to the Trustee's "Ex Parte Motion for Leave To File Trustee's Third Amended Chapter 11 Plan as Modified by Immaterial Modifications as of November 16, 2006 into the Record" filed on December 7, 2006 (Docket No. 833), and the clean version of which was filed and entered on the docket on December 8, 2006 as Docket No. 836.

b. At the continued Confirmation Hearing on December 5, 2006, counsel for the Trustee, counsel for Donna Verges, counsel for Wade T. Verges, Jr., et al., counsel for Aaron Caillouet, Trustee, and counsel for the Debtor verbally advised the Court of certain additional immaterial modifications to the Third Amended Plan, including modifications resolving all of the Debtor's objections to the confirmation of the Trustee's Third Amended Chapter 11 Plan. All of the immaterial modifications announced at the December 5, 2006 Confirmation Hearing, along with the prior immaterial modifications included with the "Trustee's Third Amended Chapter 11 Plan as Modified by Immaterial Modifications as of November 16, 2006" have been incorporated into one final Plan document entitled Trustee's Third Amended Chapter 11 Plan as Modified by Immaterial Modifications as of December 15, 2006 (hereinafter collectively referred to as the "Plan"). The Plan has been filed and entered on the Docket on December 15, 2006 as Docket No. 844.

GAMDE-NO:198093-1

After consideration of the Third Amended Disclosure Statement, the Plan, the pleadings, the evidence, the arguments of counsel, the record of this bankruptcy case, the applicable law, and the voting tabulation entered on the docket as Docket No. 780, of which the Court has taken judicial notice without the necessity of separate submission along with the original Ballots submitted to the Clerk of Court, and the Third Amended Plan and the Third Amended Disclosure Statement (Docket No. 738) having been transmitted to creditors, equity interest holders, and the U.S. Trustee in accordance with this Court's Order Approving Third Amended Disclosure Statement (Docket No. 741), and the Plan deemed by the Court to be an immaterial modification of the Third Amended Plan, for oral reasons assigned in open Court on December 5, 2006, the Court determined to confirm the Plan and approve the Donna Compromise. The Court hereby issues these written Findings of Fact and Conclusions Of Law to supplement the oral findings made in open court. The Court finds and concludes as follows:

1.     Notice and opportunity for hearing of the Third Amended Plan and the Plan has been given by the Trustee to all creditors, parties in interest, the United States Trustee, and all parties to whom notice is required.

2.     The modifications to the Third Amended Plan do not adversely change the treatment of any creditor or party in interest that has not affirmatively consented to the modifications, and all such modifications (as incorporated into the Plan) are immaterial modifications to the Third Amended Plan. The modifications are approved, and no additional disclosure is required by the Bankruptcy Code or Rules. Therefore the votes of creditors for the Third Amended Plan constitute votes of creditors for the Plan.

3.     The Plan has been accepted in writing by the creditors whose acceptance is required by law.

4.     The provisions of chapter 11 of the Bankruptcy Code have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law.

5.     Each holder of a claim or interest has either accepted the Plan or will receive under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Code on such

date. Classes 2, 4, 5, 6, and 7.1 have voted to accept the Plan, and Classes 1, 3, and 7 are presumed to accept the Plan, as they are unimpaired. The Class 8 interest holder, the Debtor, also announced his intention to accept the Plan at the Confirmation Hearing.

6. The Plan does not discriminate unfairly, and is fair and equitable, with respect to any holder of any claim or equity interest within any class of claims or equity interests that are impaired under and has not accepted the Plan.

7. All payments made or promised by the Trustee or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with the case or in connection with the Plan and incidental to these bankruptcy cases, are reasonable, have been fixed by the Court, or will be fixed by the Court after confirmation.

8. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustee, if any, of the Debtor, any affiliate of the Debtor participating in a joint plan with the Debtor, and any successor to the Debtor under the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy.

9. The identity of any insider that will be employed or retained by the Trustee/Disbursing Agent and his/her compensation has been fully disclosed.

10. Confirmation of the Plan is not likely to be followed by liquidation or need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan.

11. The principal purpose of the Plan is to resolve and pay outstanding claims against the Debtor and to effectuate the reorganization of the Debtor under the Bankruptcy Code, and not the avoidance of taxes or the application of section 5 of the Securities Act of 1933.

12. Solicitations of acceptances of the Plan by the Trustee were in good faith and in compliance with the Bankruptcy Code.

13. The classification of claims and interests under the Plan complies with Section 1122 and 1123(b)(1) of the Bankruptcy Code.

14. The Plan is feasible in all respects and provides an adequate means of implementation and is otherwise in compliance with Section 1123(a) of the Bankruptcy Code.

15. The Plan provides appropriate methods for the vesting of property of the estate in the Reorganized Debtor.

16. The provisions of the Plan relating to releases, discharge, exculpations, and injunctions (including specifically, without limitation, Sections 7.1, 7.5, 7.7(c), 13.1, 13.3, 13.4, and 13.6) are necessary to the possibility of success of the reorganization proposed by the Plan, have

been bargained for and obtained through appropriate notice, consideration given, and are necessary in light of the proceedings that have been promulgated in this Chapter 11 case.

17. All objections to the Plan were withdrawn at, or prior to, the Confirmation Hearing.

18. All other requirements of sections 1122 and 1129 have been met by the Trustee, and the Plan shall be confirmed by separate order of this Court.

19. The Plan also provides for the compromise of the Donna Claims. After considering the pleadings, the evidence, the record in this bankruptcy case, the argument of the parties, and the applicable law, and after having found that proper notice was given to all parties in interest and no objections were filed to the compromise other than by the Debtor, who withdrew his objection at the Confirmation Hearing, the Court finds and concludes that the proposed settlement of the Donna Claims is fair and equitable and in the best interests of the estate and its creditors, all as required by *Matter of Cajun Elec. Power Corp., Inc.,* 119 F. 3d 349 (5th Cir. 1997). The Court has considered all of the relevant evidence, including the testimony of the Trustee, the argument and representations of counsel, and the following exhibits introduced into evidence without objection:

   a. Reasons for Judgment issued by the 22nd Judicial District Court, for the Parish of St. Tammany, State of Louisiana on August 15, 2005 in the matter styled *Wade T. Verges v. Donna Swisshelm Verges*, Docket No. 94-11670 (Trustee Exh. 1) which sets out the ruling in the state court proceeding finding that the prenuptial agreement between the Debtor and Donna Verges was invalid and determining the division of community property between the parties.

   b. The Special Master's report of Gregory M. Verges which provides the Computation of the Community Property Award to Donna Verges before attorneys' fees in an amount exceeding $3.8 million (Trustee Exh. 3).

   c. The Reconventional Demand in which Donna Verges asserts an additional jury trial claim against the Debtor that has not yet been tried (Trustee Exh. 2).

20. The Court finds that the probability of success factor clearly supports the settlement of the Donna Claims in this case. The prenuptial agreement and community property dispute has already been litigated in state court, and the 22nd Judicial District Court has issued a detailed written opinion ruling in favor of Donna Verges. This Court notes in particular that the state court rendered detailed findings that turn primarily on that court's credibility determinations. Considering the applicable standard of review for factual findings in state court and the fact that the judgment before attorneys' fees exceeds $3.8 million, this Court finds that the probability of success factor favors approval of the Donna Compromise.

21. The Court also finds that the complexity and likely duration of the litigation and the attendant expense, inconvenience, and delay also supports the settlement. The litigation between the Debtor and Donna Verges has been ongoing since 1994 and has been acrimoniously litigated from the very beginning. The Reasons for Judgment were entered on August 15, 2005, and still, over a year and three months later, the state court has not been able to enter the judgment because of the acrimony and post-ruling filings in the state court case. The Debtor has also already announced that if the litigation were to continue, he would be filing post-trial motions in the state court trial court as soon as the judgment is entered, and the Debtor, through his counsel, pledged to appeal any adverse rulings to the "World Court at the Hague." In fact, in the Debtor's objection to the Trustee's Plan, the Debtor agreed that a conservative estimate for the duration of the litigation would be through 2009. According to counsel for the Trustee, the current waiting period for matters appealed to the Louisiana First Circuit is 10 to 12 months for a regular appeal, and the current waiting period for consideration by the Supreme Court is approximately 7 to 8 months.

22. Although the anticipated amount of expenses going forward cannot be precisely computed, based upon the contentious nature of the litigation and the amount of work involved, the Court agrees with the Trustee's suggestion that the fees and expense could easily range from $500,000 to $1 million or more, particularly considering that the jury trial claim asserted in the Reconventional Demand has not even been tried yet. The Court also notes that the compromise and the Plan provide the Debtor with the opportunity to regain control of his real estate holdings and devote his efforts toward rebuilding the properties destroyed by Hurricane Katrina.

23. In considering the paramount interests of creditors, the Court notes that the Trustee's Plan received unanimous support from all creditors, and no creditor objected to the Donna Compromise.

24. The Court also finds that the compromise was negotiated on an arms-length basis by an objective, independent trustee whose counsel spent over 300 hours reviewing the claim, interviewing witnesses, and analyzing the legal issues. The Court also notes that the ultimate result was the product of the Trustee's participation in mediation with a court-appointed mediator.

25. As far as other factors bearing on the wisdom of the compromise, the Court also notes that this chapter 11 case has been pending for approximately three years. Given the unanimous support of the Trustee's Plan and the Donna Compromise and the pending motion to convert filed by one of the creditors supporting the Plan, the Court believes that the approval of the compromise is likely the Debtor's only hope of avoiding liquidation under chapter 7.

      26.    Cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with Bankruptcy Rule 3020(e).

      New Orleans, Louisiana, December 19, 2006.

                                                  _____
                                                  Jerry A. Brown
                                                  U.S. Bankruptcy Judge